J-S14009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRIK VERNON, | : | |
| | : | |
| Appellant | : | No. 3592 EDA 2013 |

Appeal from the PCRA Order November 21, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0206571-2004

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 24, 2015**

Appellant, Tyrik Vernon ("Vernon"), appeals from the order dated November 21, 2013 dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  In accordance with the request of the PCRA court, we remand this case to the trial court for an evidentiary hearing.

On August 30, 2004, a jury found Vernon guilty of robbery, 18 Pa.C.S.A. § 3701, aggravated assault, 18 Pa.C.S.A. § 2702, attempted murder, 18 Pa.C.S.A. § 901, 2502, and carrying a firearm without a license, 18 Pa.C.S.A. § 6106.  On October 19, 2004, the trial court sentenced him to an aggregate term of incarceration of not less than ten and one half years and no more than twenty-one years.  On October 21, 2004, Vernon filed an

appeal with this Court, but we dismissed the appeal for the failure of Vernon's counsel to file an appellate brief.

On March 28, 2011, Vernon filed a PCRA petition claiming that no action had been taken on a PCRA petition that he filed in 2006. On November 9, 2012, appointed counsel filed an amended PCRA petition, contending that trial counsel had been ineffective in connection with Vernon's direct appeal. On November 21, 2013, the PCRA court dismissed Vernon's PCRA petition without an evidentiary hearing. In its subsequent written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, however, the PCRA court acknowledges that it erred in dismissing Vernon's petition without an evidentiary hearing and requests that this Court remand the case for that purpose. The PCRA court sets forth the following factual basis for its request:

> Throughout current PCRA proceedings, [Vernon and his appointed counsel] argued that Vernon's March 28, 2011 PCRA petition was a supplement to a timely *pro se* petition filed on August 21, 2006. … In support of Vernon's claim, [appointed counsel] provided a copy of the sixth page of a *pro se* PCRA petition. This page was time stamped by Philadelphia's PCRA Unit on August 21, 2006. A hand-written note appears on this page which [Vernon] asserts was written by a member of the Court's PCRA Unit staff as follows: "The attached was not given back to the person who delivered your Motion for Post Conviction Collateral Relief. He was given pages 1 thru 5 with the time stamped dated of 8-21-06. Attached are pages 6 thru 9." (See attached Document A). In support of his Amended PCRA filed on November 9, 2012 and related filings,

> [appointed counsel] submitted an Affidavit signed by [Vernon] stating that he filed a *pro se* PCRA petition on August 21, 2006 to have his appellate rights reinstated, but no lawyer was appointed, and no judge acted on the petition. (See attached Document B).

Trial Court Opinion, 6/3/2014, at 2. The PCRA court further notes that Vernon's undocketed 2006 PCRA petition cannot be located and that the trial judge assigned to the case at that time is now deceased. *Id.* The PCRA court asks this Court to remand the case for an evidentiary hearing because "[d]ismissal on grounds of untimeliness was an unjust disposition of this case," and because "I am troubled that a clerical error may have caused a waiver of a timely filed PCRA that was indeed undocketed and unaddressed for nearly five years." *Id.*

Rule 908(A)(2) of the Pennsylvania Rules of Criminal Procedure provides that a PCRA court shall order an evidentiary hearing when a PCRA petition raises an issue of material fact. Pa.R.Crim.P. 908(A)(2). Because the PCRA court now finds that Vernon's current PCRA petition raises an issue of material fact regarding the filing of a prior timely petition in 2006,[1] the

---

[1] In its appellate brief, the Commonwealth points out that the "time-stamped sheet of paper" attached to Vernon's PCRA petition contains no docket number, no reference to Vernon by name, and no other identifying criteria. Commonwealth's Brief at 4. While true, we nevertheless agree with the PCRA court that Vernon has offered a sufficient basis to raise an issue of material fact regarding whether he filed a PCRA petition in 2006. The shortcomings of Vernon's supporting documentation will be weighed and resolved at the evidentiary hearing on remand.

PCRA court's request for a remand to conduct an evidentiary hearing is both reasonable and appropriate.

Accordingly, the order dated November 21, 2013 dismissing Vernon's March 28, 2011 PCRA petition is vacated. This case is hereby remanded to the PCRA court for an evidentiary hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2015